IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------

ANTHONY JACKSON,

                Plaintiff,             Civil Action No.
                                          9:07-CV-0651 (TJM/DEP)
                                          Lead Case

    vs.

AUBURN CORRECTIONAL FACILITY, *et al.,*

                Defendants.

--------------------------------------------------------------

ANTHONY JACKSON

                                          Civil Action No.
                Plaintiff,             9:07-CV-0659 (TJM/DEP)
                                            Member Case

    vs.

DEPARTMENT OF CORRECTIONAL
SERVICES, et al.

                Defendants.

--------------------------------------------------------------

APPEARANCES:                OF COUNSEL:

FOR PLAINTIFF:

ANTHONY JACKSON
*Plaintiff, Pro Se*
02-A-6522
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902

FOR DEFENDANTS:

HON. ANDREW M. CUOMO            HEATHER RUBENSTEIN, ESQ.
Office of the Attorney General
State of New York
615 Erie Boulevard West
Syracuse, New York 13204

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

Plaintiff Anthony Jackson, a New York State prison inmate who is

proceeding *pro se* and has been granted *in forma pauperis* ("IFP") status,

has commenced these two now-consolidated actions pursuant to 42

U.S.C. § 1983, alleging deprivation of his civil rights.  Jackson, a prolific

litigant who has filed a series of similar complaints in this and other courts,

alleges that defendants failed to enforce a no smoking policy in effect at

the Auburn Correctional Facility ("ACF"), where he was housed at the

relevant times, and that as a result he was exposed to environmental

tobacco smoke ("ETS"), causing aggravation of his asthmatic and chronic

bronchitis conditions.  Plaintiff contends that his continued exposure to

ETS by prison officials constitutes cruel and unusual punishment, in

violation of the Eighth Amendment, and additionally asserts claims for

deprivation of procedural due process and violation of his right to equal

protection, both as guaranteed under the Fourteenth Amendment.

Plaintiff's complaint, as amended, seeks recovery of monetary damages

against the named defendants, as well as a prohibition against the sale

and use of tobacco products in all prison facilities operated by the New

York State Department of Correctional Services ("DOCS").

Currently pending before the court is a motion for summary judgment

filed on behalf of the named defendants in the action.  In reviewing that

motion, which is now fully briefed, I have determined that the decision to

grant plaintiff IFP status was improvident, based upon his litigation history.

Accordingly, I recommend that plaintiff's IFP status be revoked, *sua*

*sponte,* and that unless he pays the full required filing fee, his amended

complaint be dismissed.

I.    BACKGROUND

Plaintiff is a prison inmate entrusted to the custody of the DOCS; at

the times relevant to his claims set forth in his amended complaint,

Jackson was designated to the ACF, located in Auburn, New York.  *See*

*generally* Amended Complaint (Dkt. No. 5).  In his amended complaint,

plaintiff alleges that prison inmates do not abide by restrictions on their use

of tobacco products within enclosed prison facilities, and as a result he has

been subjected to ETS.  Amended Complaint (Dkt. No. 5) § 6.  Plaintiff's

efforts to address the matter internally, through the filing of a grievance in

which the requested relief was that he be provided with a fan for

ventilation, generated the following response from the facility's inmate

grievance resolution committee ("IGRC"):

> Action requested is granted to the extent that NYS
> DOCS prohibits smoking inside of housing blocks,
> so second smoke should not be an issue.  Inmate
> Jackson is advised to ask block officers to open
> windows for more ventilation.

*See* Rubenstein Aff. (Dkt. No. 31-2) Exh. B.  That determination was

upheld on appeal to the superintendent at Auburn, who in response to the

appeal wrote that

> [s]moking within any NYS DOCS building is
> prohibited.  If grievant observes anyone smoking
> within the cell blocks, he should notify the
> Correction Officers for appropriate action can be
> taken.

*Id*., Exh. C.  Plaintiff's appeal of that determination to the DOCS central

office review committee ("CORC") was subsequently rejected.  *Id.*, Exhs. D

and E.

When asked in the court's form complaint to identify any actions

previously brought relating to his imprisonment plaintiff responded by

identifying thirteen separate actions commenced in this district, the

Southern District of New York, and the Western District of New York.

4

Amended Complaint (Dkt. No. 5) § 5.  In light of plaintiff's disclosure that several of those actions were dismissed, the court *sua sponte* reviewed the matter to determine whether plaintiff's IFP status should be rescinded.  A review of records from this court reflects that eleven actions were commenced by the plaintiff in this district alone prior to the filing of this suit, addressing prison conditions, and that an additional nine have been commenced since the filing of this action.

II.      PROCEDURAL HISTORY

Plaintiff commenced these two actions on June 20, 2007.  Dkt. No. 1.  Upon initial review of plaintiff's two complaints, the court determined that they were sufficiently interrelated as to warrant consolidation of the actions, and directed that certain specified portions of plaintiff's complaints in both actions be filed together and be deemed an amended complaint.  Dkt. No. 4.  The court also considered and granted plaintiff's request for leave to proceed *in forma pauperis* in the action.  *Id.*

On August 28, 2008, following joinder of issue and the close of discovery, defendants moved for summary judgment dismissing plaintiff's claims as lacking in merit.  Dkt. No. 31.  Plaintiff has since responded in opposition to that motion, Dkt. No. 32, and the matter has been referred to me for the issuance of a report and recommendation, pursuant to 28

5

U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule

72.3(c).  *See* Fed.R.Civ.P. 72(b).

III.   DISCUSSION

    A.   Three Strikes Provision Generally

In 1996, as part of a sweeping inmate litigation reform brought about

by adoption of the Prison Litigation Reform Act of 1996 ("PLRA"), publ. no.

104-134, 110 Stat. 1321 (1996), Congress enacted a provision deemed at

curtailing serial, frivolous litigation by prison inmates, directing that

> [i]n no event shall a prisoner bring a civil action or
> appeal a judgment in a civil action or proceeding
> under this section if the prisoner has, on 3 or more
> prior occasions, while incarcerated or detained in
> any facility, brought an action or appeal in a court of
> the United States that was dismissed on the
> grounds that is frivolous, malicious, or fails to state
> a claim upon which relief may be granted, unless
> the prisoner is under imminent danger of serious
> physical injury.

28 U.S.C. § 1915(g).  The manifest intent of Congress in enacting this

"three strikes" provision was to curb prison inmate abuses and to deter the

filing of multiple, frivolous civil rights suits by prison inmates.  *Tafari v.*

*Hues*, 473 F.3d 440, 443-44 (2d Cir. 2007); *Gill v. Pidlychak*, No. 9:02-CV-

1460, 2006 WL 3751340, at *2 (N.D.N.Y. Dec. 19, 2006) (Scullin, S.J. &

Treece, M.J.).  The prophylactic effect envisioned under section 1915(g) is

6

accomplished by requiring a prisoner who has had three previous strikes to
engage in the same cost-benefit analysis that other civil litigants must
make before deciding whether to commence suit, accompanied by the
filing of the full fee – that is, to assess whether the result to be achieved
justifies the filing fee expenditure.  *Tafari*, 473 F.3d at 443; *Ibrahim v.
District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006).  As the Second Circuit
has noted, in the context of PLRA amendments requiring inmates to
authorize prison officials to make deductions from inmate accounts to be
applied as partial payments of appellate filing fees for prisoners granted *in
forma pauperis* status,

> [p]rior to the enactment of the *in forma pauperis*
> amendments, inmates suffered no economic
> disincentive to filing law suits.  Indeed, the very
> nature of incarceration – prisoners have substantial
> free time on their hands, their basic living expenses
> are paid by the state and they are provided free of
> charge the essential resources needed to file
> actions and appeals, such as paper, pens,
> envelopes and legal materials – has fostered a
> "'nothing to lose and everything to gain'"
> environment which allows inmates indiscriminately
> to file suit at taxpayers' expense.

*Nicholas v. Tucker,* 114 F.3d 17, 20 (2d Cir. 1997), *cert. denied sub nom.*,
*Nicholas v. Miller*, 523 U.S. 1126, 118 S. Ct. 1812 (1998) (internal citations
omitted); *see also Gill*, 2006 WL 3751340, at *2.

7

The question of whether the dismissal of a prior action qualifies as a strike, for purposes of section 1915(g), is a matter of statutory interpretation, and as such a question for the court.[1]  *Tafari*, 473 F.3d at 442.  In determining whether a dismissal satisfies the failure to state a claim prong of the statute, implicated in this case, courts have drawn upon the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure for guidance, particularly in light of the similarity in phrasing utilized in the two provisions.  *Tafari*, 473 F.3d at 442 (citing *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005)).

B.    Application of Three Strikes Provision

On July 21, 2008, addressing a motion raising the issue filed by the defendants in another action commenced by the plaintiff, United States Magistrate Judge Randolph F. Treece found that Jackson had accrued three strikes, and that revocation of his IFP status in that case was therefore justified.  *Jackson v. Fischer*, Civ. No. 9:07-CV-631 (DNH/RFT),

---

[1]      The Second Circuit has expressed its view that the time for determination of "strikes" is only when the section 1915(g) issue is ripe for adjudication, and that because of the potentially significant consequences flowing from such a finding, a court should not, when dismissing an inmate complaint, contemporaneously signal whether the dismissal should count as a "strike" for the purposes of that section. *DeLeon v. Doe,* 361 F.3d 93, 95 (2d Cir. 2004); *see also Snider v. Melindez*, 199 F.3d 108, 115 (2d Cir. 1999) ("We . . . doubt whether the entry of a strike is properly considered at the time an action is dismissed").

Dkt. No. 24, (N.D.N.Y. July 21, 2008).  While that report was issued after the commencement of this action, the three strikes upon which the recommendation was based all predate the filing of this action.  *See id.* Judge Treece's recommendation was subsequently adopted by District Judge David N. Hurd on September 15, 2008, by order in which plaintiff's IFP status was revoked and he was directed to pay the required $350.00 filing fee, in full, within thirty days of the date of the order.[2]  Id., Dkt. No. 27.

For the reasons articulated in Judge Treece's well-reasoned decision, which do not require reiteration in this report, I find that the plaintiff is subject to the PLRA's three strikes provision.

C.   Imminent Danger Exception

As a safety valve, obviously intended to protect a prison inmate exposed to potential danger from the harsh consequences of his or her earlier folly, section 1915(g) provides that a prisoner who is in "imminent danger of serious physical injury" may avoid application of the three strikes rule of section 1915(g).  *See* 28 U.S.C. § 1915(g); *see also Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002).  In accordance with this exception, an inmate who has had three prior "strikes" but nonetheless

---

[2]  Plaintiff's complaint in that action was ultimately dismissed based upon his failure to comply with that directive.  *See* Civil Action No. 9:07-CV-631 (DNH/RFT), Dkt. No. 27.

9

wishes to commence a new action *in forma pauperis* must show that he or she was under imminent danger at the time of filing; the exception does not provide a basis to avoid application of the three strikes on the basis of past harm. *Malik*, 293 F.3d at 562-63. An inmate who claims the benefit of this exception must also show that the danger faced rises to the level of exposure to a "serious physical injury." 28 U.S.C. § 1915(g). The imminent danger claimed by the inmate, moreover, must be real, and not merely speculative or hypothetical. *Johnson v. Barney*, No. 04 Civ. 10204, 2005 WL 2173950, at *1-2 (S.D.N.Y. Sept. 6, 2005) (finding that inmate's allegation of danger at facility he was not housed at, but may pass through at infrequent occasions in the future, does not establish imminent danger).

For a three-strikes litigant to qualify for the imminent danger exception, his or her complaint "must reveal a nexus between the imminent danger it alleges and the claims it asserts." *Pettus v. Morgenthau*, 554 F.3d 293, 298-99 (2d Cir. 2009). When determining whether the requisite relationship is present a court must examine "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury." *Id.* (emphasis in original).

The term "serious physical injury," as utilized in section 1915(g), is nowhere concretely defined, although it has been construed by various courts as including a "disease that could result in serious harm or even death[.]"  *Ibrahim*, 463 F.3d at 7.  In deciding whether to invoke the exception, a court must examine the available pleadings, construed in a light most favorable to the plaintiff, to determine whether the plaintiff has alleged a serious physical injury.  *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002).  Conditions which have been held to rise to a sufficient threshold level include denial of treatment for infected gums, resulting in damages of infection, *McAlphin*, 281 F.3d at 710; denial of adequate treatment for Hepatitis C, a "chronic and potentially fatal disease," *Ibrahim*, 463 F.3d at 6-7; and patterns of harassment from corrections officers, heart palpitations, chest pains and labored breathing, *Ciarpaglini v. Saini*, 352 F.3d 328, 330-31 (7th Cir. 2003) (finding upon reaching the merits, however, that plaintiff's complaint did not state an Eighth Amendment claim).

It is true plaintiff's complaint alleges that inmates smoking in housing blocks at ACF, in violation of established prison regulations, has caused aggravation to his existing asthma condition. Plaintiff's allegations, however, which are extremely conclusory, fail to rise to a level sufficient to

11

meet the narrowly-tailored imminent danger exception to the PLRA's three strikes provision.

IV.   <u>SUMMARY AND RECOMMENDATION</u>

At the time this action was commenced and plaintiff was granted IFP status, at least three actions previously commenced by him addressing conditions of prison confinement had been dismissed as lacking in palpable merit, leading to a finding by another judge of this court that plaintiff falls within the three strikes provision of the PLRA.  Accordingly, having found that plaintiff does not qualify for the imminent danger exception of the relevant provision, and recognizing that the net result of these findings is not denial altogether of plaintiff's access to the courts, but rather only the requirement that he conclude that pursuit of his civil rights claims justifies the expenditure in advance of the full applicable filing fee, it is hereby respectfully

RECOMMENDED that:

1) The order granting plaintiff IFP status (Dkt. No. 4) be VACATED.

2) Plaintiff's complaint be DISMISSED as to all defendants and all claims unless, within thirty days after the entry of a final order by District Judge Hurd addressing this recommendation, plaintiff pays the full required filing fee of $350.00.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the clerk of the court within TEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the clerk of the court serve a copy of this report, and recommendation upon the parties in accordance with this court's local rules.

David E. Peebles
U.S. Magistrate Judge

Dated:       May 8, 2009
             Syracuse, NY